## Royer *v.* Schultz Belting Co. *et al.*

*(Circuit Court, E. D. Missouri, E. D.    October 14, 1889.)*

PATENTS FOR INVENTIONS—EXTENT OF CLAIM—TREATMENT OF HIDES FOR BELTING LEATHER.

> The claim of letters patent No. 149,954, issued to Herman Royer, April 21, 1874, was for "the treatment of the prepared raw hide in the manner and for the purposes set forth." The method of treatment described was (1) the removal of the hair from the hide by sweating; (2) drying the hide perfectly hard; (3) inserting it in water for 10 or 15 minutes; (4) fulling or softening it by mechanical means; (5) spreading on it a certain mixture; (6) fulling this mixture into it in a suitable machine; (7) moistening it 4 or 5 times a day; (8) stretching it, and cutting it into suitable pieces. The specification refers to the patentee's "mode of preparing

hides," and says that it is necessary to make use of a preparation substantially as described, in order to render raw hide fit for use. The claim was amended so as to conform to above on suggestion from the patent-office that a claim for preparing raw hides by the fulling and bending operation and the preserving mixture was not patentable. *Held,* that the claim must be limited to the whole process described, and the patent was not infringed by a variation in the method of making belting leather; as, by liming, instead of sweating, green hides. Following *Royer* v. *Coupe,* 38 Fed. Rep. 113.

In Equity. On bill for infringement of patent.

*Broadhead & Haeussler, Wm. M. Eccles,* and *M. A. Wheaton,* for complainant.

*C. H. Krum,* for defendants.

THAYER, J. The testimony in this case does not sustain the charge of infringement, unless the claim of Royer's patent, No. 149,954, be construed as covering broadly the method of making belting leather out of prepared raw hide, by stuffing the hide, by means of a fulling-machine, with a mixture composed of tallow, wood-tar, and resin. In the case of *Royer* v. *Coupe,* 38 Fed. Rep. 113, it was held that the claim did not admit of such a liberal interpretation; that, if the claim was given such a broad scope, the patent would necessarily fall in view of the prior state of the art of tanning, and hence that the claim in question must be limited to the entire process described in the specification, consisting of (8) successive steps, whereby raw or green hides are first denuded of their hair by means of a "sweating process," then "dried hard," and subsequently stuffed in a fulling-machine, with a preserving mixture consisting of tallow, wood-tar, and resin. In that case it was held that the patent was not infringed, unless the process was used in its entirety; and, inasmuch as the defendant in that case removed the hair from green hides by a liming process, instead of by sweating, the bill was dismissed.

In the case at bar the testimony shows that the sweating process mentioned in the Royer patent is not used by the defendants. It also appears that by the defendants' method of treatment the hides are "limed" and "bated," and that they are also partially tanned. In each of these respects defendants' process varies from the Royer process, and the patent is not infringed, unless this court gives a broader scope to the claim than was accorded to it in *Royer* v. *Coupe.* This the court must decline to do. The specification and claim of Royer's patent is so worded, as was well shown by Judge COLT, as to leave it in a great measure uncertain whether the patentee intended to claim the entire process described, of removing the hair from green hides by sweating, and subsequently drying them, and then stuffing them, by means of a fulling-machine, with a preserving mixture, or whether he intended to claim only those steps of the process by which a particular preserving mixture was worked into the fiber of prepared raw hide, by means of a fulling-machine. The doubt which arises from the language of the specification as to the proper construction of the claim is in itself sufficient to warrant the court in adopting the construction already given to it, after full consideration, in the first circuit, on the ground of comity. But, in addition to that view of the matter,

it is proper to add that Judge COLT states as one of the grounds of his decision, that the file-wrapper in the patent-office shows that when Royer's application for a patent was pending, the patentee modified his original claim, which as drawn, was so worded as to cover the stuffing process with a preserving mixture, and cast the claim in its present form solely in view of a communication from the patent-office to the effect that the whole method described in his specification of making belting leather out of green hides might be patentable, whereas that portion of the process which consisted merely in stuffing prepared raw hide with a preserving mixture such as was described, by means of a fulling-machine, was not patentable. The fact thus adverted to, that Royer cast his claim in its present form in compliance with a suggestion from the patent-office that the whole process by him described was perhaps patentable, while a part of it was not, ought to settle the construction of the claim, no matter what view might otherwise be taken of the same. Admitting the rule to be that a claim in a patent is to be construed with reference to the specification, yet, when the claim, considered with reference to the specification, is ambiguous, special significance should be attached to correspondence between the patentee and the officials of the patent-office, showing how the latter construed it, and what was the extent of the monopoly intended to be granted. This court accordingly adopts the construction given in *Royer* v. *Coupe*, holding that Royer's claim must be limited to the whole process described in his specification, and that the patent is not infringed by one who varies the method of making belting leather in a material respect, as by liming green hides to remove the hair, in place of sweating them. The bill is accordingly dismissed.